UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS PHILLIP BUSH,

       Petitioner,                        CIVIL ACTION NO. 04 CV 74609 DT

       v.                                DISTRICT JUDGE VICTORIA A. ROBERTS

PAUL RENICO,                          MAGISTRATE JUDGE VIRGINIA M. MORGAN

       Respondent.
_____/

**<u>OPINION AND ORDER DENYING REQUEST FOR  FEDERAL PROTECTION</u>**

      This matter is before the court on a Request for Federal Protection (Docket Entry 6). Petitioner, Douglas Bush, a state prisoner, requests this court to provide him with federal protection in a Michigan Department of Corrections prison.  Petitioner suffers from HIV and hepatitis C and has a weakened immune system.  Petitioner believes the prison staff has placed him in a colder cell so that he will develop a cold and are trying to kill him in retaliation for filing grievances against prison staff and for filing a habeas petition in federal court.  For the reasons discussed below, the request for federal protection is denied.

      Petitioner attached this request to his petition for habeas corpus relief.  This request is non-cognizable under habeas review.  Habeas relief is the exclusive federal remedy available to a state prisoner for collaterally challenging a conviction and seeking a speedier or immediate release form unlawful physical confinement.  90 Geo. L.J 1937 (2002).  The request the

petitioner is raising does not deal with his speedier and immediate release from state custody and is thus not proper relief under habeas review. To properly challenge the conditions of confinement, the prisoner should bring a claim under 42 U.S.C. § 1983 and pay the filing fee for such separate action. The difference between speedier release and challenging the conditions of detention is discussed in *Presier v. Rodriquez*, 411 U.S. 475 (1973). The court wrote, "no one sought, as did respondent here, to challenge the very fact or duration of the confinement itself. Those cases, therefore, merely establish that a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact of length of his custody." *Id*. at 499. Therefore, IT IS ORDERED that the request for federal protection IS DENIED.

The parties to this action may object to and seek review of the Order through an appeal to the district judge, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(1)(A) and Fed.R.Civ.P 72(a). *See also* E.D. Mich. LR 72.1(d)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walter*, 638 F.2d 947, 949-50 (6th Cir. 1981). Pursuant to E.D. Mich. LR 72.1(d)(1), a copy of the appeal is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

    **SO ORDERED.**

|  |  |
|---|---|
|  |   s/Virginia M. Morgan |
|  | VIRGINIA M. MORGAN |
| Dated: July 14, 2005 | UNITED STATES MAGISTRATE JUDGE |

---

**Proof of Service**

The undersigned certifies that a copy of the foregoing Order was served on the parties and attorneys of record herein by electronic means or U.S. Mail on July 14, 2005.

                s/Jennifer Hernandez
                Case Manager to
                Magistrate Judge Morgan