UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS PHILLIP BUSH,

       Petitioner,                    CIVIL ACTION NO. 04 CV 74609 DT

    v.                                  DISTRICT JUDGE VICTORIA A. ROBERTS

PAUL RENICO,                     MAGISTRATE JUDGE VIRGINIA M. MORGAN

       Respondent.
_____/

## OPINION AND ORDER DENYING DISCOVERY REQUEST

This matter is before this court on petitioner's Motion for Discovery (D/E 7). The petitioner, a State of Michigan prisoner, attached the instant motion to his petition for habeas corpus relief. Petitioner believes that if given a private investigator he could uncover additional evidence, some of which is outlined in his motion for discovery, which would exonerate him of his crime and prove the misconduct of the government. Petitioner lists three issues as examples of evidence he could uncover. Each issue raised fails under habeas review. Accordingly, IT IS ORDERED that the request for Discovery IS DENIED.

The petitioner first alleges that the trial transcripts have been altered and testimony from the victim was removed. The petitioner accuses the prosecutor of misconduct of altering the trial transcript. However, the trial transcripts were prepared and certified by Bonnie J. Neil. There is no evidence that the prosecutor was able and/or did alter the trial record. It is also not clear how

- 1 -

a discovery request could prove that the prosecutor manipulated the trial record.  For this issue to be cognizable in a habeas proceeding, petitioner must show that the conduct of the prosecutor deprived the petitioner of a fair trial.  In order to constitute the denial of a fair trial, prosecutorial misconduct must be "so pronounced and persistent that it permeates the entire atmosphere of the trial," or "'so gross as probably to prejudice the defendant.'" *Pritchett v. Pitcher,* 117 F.3d 959, 964 (6th Cir. 1997).  The misconduct the petitioner alleges occurred after the trial and as such cannot serve as a basis for habeas relief.

The petitioner next alleges that members of the jury failed to notify the court that they were state employees.  It is not certain how that claim is relevant.  The jury could still be fair even if the allegation is true and some jurors are state employees.

The petitioner also alleges that DNA evidence was deliberately falsified to the jury by the prosecutor.  There is no factual support for this claim.

A petition for a writ of habeas corpus pursuant to Title 28 U.S.C. § 2254 is the exclusive federal remedy available to a state prisoner who challenges the constitutionality of his confinement and seeks a speedier or immediate release.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  In *Crane v. Kentucky*, 476 U.S. 683 (1986), the Court held the Due Process Clause of the Constitution guarantees defendants a meaningful opportunity to present a complete defense, but it did not extend that to include all evidence that a defendant wants to present before the decision maker.  Petitioner's requested discovery would not demonstrate denial of a fundamentally fair trial as required by the Due Process Clause.  The discovery issues, if construed as claims under habeas, are unexhausted because they were not timely presented as

federal constitutional claims in state court. See, 28 U.S.C. § 2254(b)(1)(A). Thus, his motion must be denied.

The parties to this action may object to and seek review of the Order through an appeal to the district judge, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(1)(A) and Fed.R.Civ.P. 72(a) See also E.D. Mich. LR 72.1(d)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walter*, 638 F.2d 947, 949-50 (6th Cir. 1981). Pursuant to E.D. Mich. LR 72.1(d)(1), a copy of the appeal is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

**SO ORDERED.**

                                          s/Virginia M. Morgan
                                          VIRGINIA M. MORGAN
Dated:    July 15, 2005             UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on July 15, 2005.

                         s/Jennifer Hernandez
                         Case Manager to
                         Magistrate Judge Morgan