UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS PHILLIP BUSH

        Petitioner,                CIVIL ACTION No. 04 CV 74609 DT

v.                                DISTRICT JUDGE VICTORIA A. ROBERTS

PAUL RENICO                MAGISTRATE JUDGE VIRGINIA M. MORGAN

        Respondent.
_____/

## OPINION AND ORDER DENYING BOND REQUEST

This matter is before the court on a two motions for bond (D/E 5 and D/E 25) pending the habeas corpus petition also being reviewed by this court. Petitioner is a state prisoner in the custody of the Michigan Department of Corrections. Petitioner is currently serving a sentence for criminal sexual conduct first degree (victim under thirteen). Bond is denied, because petitioner does not present any exceptional circumstances.

Although there is no specific statute authorizing a district court to grant bond during the pendency of a federal habeas corpus action, the court inherently possesses the power to grant such bail. *Shepard v. Taylor*, 433 F. Supp. 984, 987 (S.D. N.Y. 1977), *aff'd.*, 573 F.2d 1295 (2nd Cir. 1977). "However, a showing of exceptional circumstances must be made for such relief, or a demonstration of a clear case on the merits of the habeas petition." *Pfaff v. Wells*, 648

F.2d 689, 693 (10th Cir. 1981). In *Glynn v. Donnelly,* 470 F.2d 95 (1st Cir. 1972), the First Circuit further explained:

> Both in the district court and on appeal, in the absence of exceptional circumstances–whatever that may include–the court will not grant bail prior to the ultimate final decision unless petitioner presents not merely a clear case on the law... but a clear, and readily evident, case on the facts. Merely to find that there is a substantial question is far from enough.

*Id.* at 98, cited with approval, *Lee, Jr. V. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

In *Aronson v. May*, 85 S.Ct. 3, 5 (1964), Justice Douglas also explained in denying an application for bail:

> This applicant is incarcerated because he has been tried, convicted, and sentenced by a court of law. He now attacks his conviction in a collateral proceeding. It is obvious that a greater showing of special reasons for admission to bail pending review should be required in this kind of case than would be required in a case where the applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial determination of guilt... In this kind of case, it is therefore necessary to inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interest of justice.

In *Dotson v. Clark*, 900 F.2d 77 (6th Cir. 1990), this circuit stated:

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interest of justice." *Aronson v. May*, 85 S.Ct. 3,5,13, L.Ed.2d 6,9 (1964). (Douglas, Jr., in chambers); see *Martin v. Solem*, 801 F. 2d at 329-330; *Luteri v. Nardoza*, 662 F. 2d at 161. There will be few occasions where a prisoner will meet this standard.

*Id.* at 79.

Subsequently, the circuit recognized:

> Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision in the merits in the habeas case.

*Lee, Jr. v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

Having examined the instant habeas application and the two motions for bond, and assuming that the issues raised in the habeas application are substantial, this court does not find that petitioner has demonstrated the existence of either clear grounds for relief on the merits or exceptional circumstances that would justify the extraordinary measure of granting bond during the pendency of this action.

Therefore, IT IS ORDERED that petitioner's Motions for Bond (D/E 5 and D/E 25) ARE DENIED.

The parties to this action may object to and seek review of the Order through an appeal to the district judge, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(1)(A) and Fed.R.Civ.P. 72(a). *See also* E.D. Mich. LR 72.1(d)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walter*, 638 F.2d 947, 949-50 (6th Cir. 1981). Pursuant to E.D. Mich. LR 72.1(d)(1), a copy of the appeal is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

**SO ORDERED.**

                                                  s/Virginia M. Morgan
                                                 VIRGINIA M. MORGAN
Dated:  July 25, 2005                          UNITED STATES MAGISTRATE JUDGE

---

**Proof of Service**

The undersigned certifies that a copy of the foregoing opinion and order was served on the parties and attorneys of record by electronic means or U.S. Mail on July 25, 2005.

                               s/Jennifer Hernandez
                               Case Manager to
                               Magistrate Judge Morgan