UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DOUGLAS PHILLIP BUSH,

        Petitioner,                  CIVIL ACTION NO. 04 CV 74609 DT

    v.                                 DISTRICT JUDGE VICTORIA A. ROBERTS

PAUL RENICO,                     MAGISTRATE JUDGE VIRGINIA M. MORGAN

        Respondent.
_____/

## REPORT AND RECOMMENDATION

      Petitioner, Douglas Bush, a prisoner in the custody of the Michigan Department of Corrections, was convicted by a jury in 2001, in Montcalm County Circuit Court, of one count of first degree criminal sexual conduct in violation of M.C.L.A. § 750.520b(1)(a) (victim under the age of thirteen), and was sentenced to forty-five months to twenty years in prison. Following his appeals in state court, he filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner raises the same issues raised on appeal in state court, namely:

            1) Did the trial court err by denying defense counsel's pretrial
            motion to dismiss the information, and in the alternative, err when
            it denied defendant's motion for a directed verdict where the
            evidence was insufficient as a matter of law to support Mr. Bush's
            conviction for first degree criminal sexual conduct?

            2) Did the trial court err in denying Mr. Bush's right to present
            evidence in his defense that he had contracted both HIV and
            hepatitis C prior to the date of the allegations against him, and that,

should the complainant not have either HIV or Hepatitis C that this
evidence was exculpatory?

3) Did the trial court err and thereby denied Mr. Bush the right to
effective assistance of counsel and due process of law when it
denied his request for court appointed investigative assistance?

4) Did the trial court err when it denied Mr. Bush's motion for a
Taint Hearing regarding the statements made by the complainant to
hospital staff and police investigators as the interviews were not
conducted in accordance with state mandated protocols in which to
protect the rights of the accused?

5) Did the trial court violate Mr. Bush's constitutional rights and
err reversibly in refusing to instruct the jury that erectile
dysfunction was a defense to the charge of criminal sexual conduct
first degree?

6) Was Mr. Bush denied a fair trial by the repeated instances of
prosecutorial misconduct in closing argument; defense counsel's
failure to object constituted ineffective assistance of counsel?

7) Should Mr. Bush be re-sentenced where the guidelines prepared
for sentencing were clearly erroneous and without a factual
predicate as to the scoring of five points for OV 3 and ten points
for OV 4?

For the reasons discussed in this Report, it is recommended that the petition be denied.

## **BACKGROUND**

This case arose out of petitioner's relationship with his tenant's daughter who was nine (9) years old at the time she alleged that petitioner had sexual activity with her. Petitioner rented his garage apartment to the victim's mother. Petitioner lived on the property in a trailer with his brother. (TT I, 107) The victim testified that in August, 2000, she entered the petitioner's bedroom late one night because she did not know where her mother was. (TT I, 110) The victim

then testified, and petitioner agrees, that petitioner got the victim under the covers and rubbed her stomach. (TT I, 111) According to trial testimony of the victim, petitioner removed her shorts and panties and anally penetrated her. (TT I, 112-115) Victim testified that it was painful. (TT I, 114) When petitioner was finished, he gave the victim a towel to "wipe up off." (TT I, 114) The victim did not tell her mother when she arrived home. (TT I, 116) When the victim returned to her father's custody two days later, she informed him of what occurred. (TT I, 117) He was the first person the victim told. The victim's father took her to the hospital and notified police. (TT I, 117-118)

Following more testimony including petitioner's opposing testimony, argument and instructions discussed below, the jury returned a verdict of guilty of count one, criminal sexual conduct first degree (victim under thirteen). Petitioner was sentenced on October 5, 2001, to forty-five months to twenty years in state prison. The Michigan Court of Appeals affirmed his conviction and sentence; *People v. Bush*, No. 237880 (Mich.App 10/2/03). Petitioner filed leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied petitioner's leave to appeal. Petitioner then filed the instant petition.

A petition for a writ of habeas corpus is the exclusive federal remedy available to a state prisoner who challenges the constitutionality of his confinement and seeks a speedier or immediate release. 28 U.S.C. § 2254; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The court reviews the petition under the standard set forth in 28 U.S.C. § 2254(d) because the petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). Title 28 U.S.C. § 2254(d) states the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> 1) resulted in decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The court reviews issues of law or mixed questions of law and fact under § 2254(d)(1). After the enactment of AEDPA, courts struggled to fashion an appropriate standard of review under § 2254(d)(1), and there was considerable disagreement amongst the circuits as to the level of deference federal courts were required to give state court decisions regarding issues of federal law. In *Williams v. Taylor*, 120 S.Ct. 1495, 1523 (2000), the Supreme Court clarified the standard of review under § 2254(d)(1):

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle form this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

The Court further discussed the "unreasonable application" clause, noting that "a federal habeas court may not issue the writ simply because that concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or

incorrectly. Rather, that application must also be unreasonable." *Id.* at 1522. The reasonableness of the decision is judged by an objective rather than a subjective standard. *Id.* at 1521-22. Questions of facts, on the other hand, which are reviewed under § 2254(d)(2), are "presumed to be correct." § 2254(e)(1). The habeas petitioner bears the burden of "rebutting the presumption of correctness by clear and convincing evidence." *Id.*

  1. *Sufficiency of the Evidence*

> **Issue One: Did the trial court err by denying defense counsel's pretrial motion to dismiss the information, and in the alternative, err when it denied defendant's motion for a directed verdict where the evidence was insufficient as a matter of law to support Mr. Bush's conviction for first degree criminal sexual conduct.**

Petitioner challenges the sufficiency of the evidence with respect to penetration. The general rule in criminal cases is that each element of the offense must be proven beyond a reasonable doubt. The U.S. Constitution XIV Amendment Due Process Clause "protects the accused against conviction except upon proof beyond reasonable doubt of every fact necessary to constitute the crime which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). In *Jackson v. Virginia*, 443 U.S. 307 (1979), the Court held that habeas relief is allowable where the evidence relied upon to convict is constitutionally problematic. The test articulated in *Jackson* is the same test used by the Michigan Appeals Court. The test is whether, after viewing the evidence in the light most favorable to prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson* at 319. In rejecting the petitioner's claim of insufficient evidence, the Michigan Court of Appeals stated:

> With respect to the charges against the defendant, CSC I consists
> of sexual penetration of person under age thirteen. MCL
> 750.520b(1)(a); *In re Hawley*, 238 Mich App 509, 510-11; 606
> N.W.2d 50 (1999). MCL 750.520a(o) defines "sexual penetration"
> as sexual intercourse, cunnilingus, fellatio, anal intercourse, or any
> other intrusion, however slight, of any part of a person's body, but
> emission of semen is not required." The victim testified that
> defendant put his penis in her "butt" and replied affirmatively
> when asked if he put it "where you go poop." To the extent
> defendant's argument centers on the witnesses' credibility, this
> Court does not interfere with jury's role of determining credibility.
> *Wolfe, supra* at 514-515. Viewing the evidence in a light most
> favorable to the prosecution, there was sufficient evidence to
> support defendant's conviction.

The Michigan Court of Appeals correctly identified and analyzed the law in regard to sufficiency of evidence. The petitioner argues that he suffers from erectile dysfunction and thus is incapable of anal intercourse. The petitioner testified to that circumstance at trial. (TT I, 186) The Supreme Court in *Jackson* holds that the critical inquiry on review of sufficiency of evidence to support a criminal conviction is whether the evidence on the record could reasonably support a finding of guilt beyond a reasonable doubt. *Jackson* at 319. The Sixth Circuit noted that sufficiency of the evidence is a fact intensive issue which may fairly be characterized as a "mixed question of law and fact." *Harpster v. Ohio*, 128 F. 3d 322, 327 (6th Cir. 1997). The court's review of petitioner's claim is governed by the unreasonable application clause of 28 U.S.C. § 2254(d)(1).

The law in Michigan does not require deep penetration to be a violation of MCL 750.520b(1)(a), i.e., as stated by respondent, the definition of the crime does not require an erect penis. All that is necessary is any intrusion of the victim's body. The victim's testimony, if

believed, is ample evidence of this offense. It is the role of the jury, not this court, to determine whether to believe the victim or whether, even if petitioner had erectile dysfunction, his penis could have penetrated the victim. Moreover, the victim's testimony is not constitutionally problematic, nor is the evidence when viewed in whole, so prejudicial against the petitioner as to create an unfair trial. A rational tier of fact could reasonably choose, based on the evidence of record including the victim's testimony, to believe that penetration had occurred and, thus, find the petitioner guilty beyond a reasonable doubt. Petitioner is not entitled to relief on this claim.

*2. Exclusion of alleged exculpatory evidence*

> **Issue Two: Did the trial court violate petitioner's constitutional right to present evidence in his defense that he had contracted both HIV and hepatitis C prior to the date of the allegations against him, and that, should the complainant not have either HIV or hepatitis C that this evidence was exculpatory.**

Petitioner claims that the trial court erred by excluding evidence of the petitioner's HIV and hepatitis C status. Petitioner argues that since the victim was free of the diseases, his status as HIV positive with hepatitis C was exculpatory. To gain relief, petitioner is required to show that the Michigan courts adjudication of this claim was contrary to, or unreasonable application of, clearly established federal law, as established by the Supreme Court. 28 U.S.C. § 2254(d)(1).

The Michigan Appeals Court held that the trial court's ruling was error but harmless. The court relied on Michigan Rules of Evidence and found that:

> Evidence is relevant if it has any tendency to make the existence of a fact that is of consequence to the action more probable or less probable that it would be without the evidence [citation omitted]. MRE 401. It is common knowledge the HIV and hepatitis C are conditions that can be transmitted in the course of sexual

> penetration. It is also common knowledge that not every act of sexual penetration between a person infected with HIV and hepatitis C and an uninfected person will necessarily result in transmission of either condition. Nevertheless, evidence that a defendant has those conditions and did not transmit either of them to the victim whom he allegedly sexually penetrated would have had some tendency to make it less probable that penetration occurred. . . . The alleged error . . . is properly classified as a preserved, non-constitutional error. *People v. Whittaker*, 456 Mich. 422, 635 N.W.2d. 687 (2001). . . . Although relevant, [the excluded evidence] would not have been conclusive of whether defendant penetrated her anus with his penis.

Michigan Court of Appeals Opinion, *People v. Bush*, No. 237880, pp. 1-2.

In *Crane v. Kentucky*, 476 U.S. 683 (1986), the court held the Due Process Clause of the Constitution guarantees defendants a meaningful opportunity to present a complete defense, but it did not require that a defendant be permitted to offer any evidence to the decision maker. Exclusion of evidence at trial is subject to the harmless error analysis and the starting point is state evidentiary rules in review of state convictions. See, *Chambers v. Mississippi*, 410 U.S. 284, 300-02 (1973).

Clearly, under the Sixth and Fourteenth Amendment's Due Process Clause, a defendant has a right to a defense. *Wong v. Money*, 142 F.3d 313, 325 (6th Cir. 1998) and *Allen v. Morris*, 845 F.2d 610 (6th Cir. 1988). Upon habeas review, exclusion of evidence only justifies the granting of a writ in the most egregious cases. *Fortini v. Murphy,* 257 F.3d 39, 46 (1st Cir. 2001).

Petitioner does not argue that the opinion was contrary to or an unreasonable application of Supreme Court law and no facts would support such a claim.

### 3. Denial of funds for investigation.

> **Issue Three: Did the trial court err and thereby deny petitioner the right to effective assistance of counsel and due process of law when it denied his request for court-appointed investigative assistance.**

Petitioner, through his counsel, requested by motion the assistance of an investigator prior to trial. Petitioner claims that his rights to due process, and equal protection, and adequate counsel were violated by the trial court's refusal to appoint an investigator at state expense. The U.S. Constitution and Supreme Court law do not require a defendant to have a private investigator appointed to ensure a fair trial. In *Caldwell v. Mississippi*, 472 U.S. 320 (1985), the Court wrote, " [g]iven that petitioner offered little more than undeveloped assertions that requested assistance of criminal investigator, fingerprint expert and ballistics expert would be beneficial, there was no deprivation of due process in the trial judge's denial of these requests." *Id.* at n.1.

The Sixth Circuit has found that only exigent circumstances justify appointment of a state–paid private investigator to a defendant. In *U.S. v. Gilmore*, 282 F.3d 398, 406 (6th Cir. 2002), the court wrote, "an indigent defendant may obtain authorization for investigative expert, or other services upon a demonstration that (1) such services are necessary to mount a plausible defense, and (2) without such authorization, defendant's case would be prejudicial; decision of the trial court would then be reviewable for abuse of discretion." In the instant case, petitioner says that the investigator would have determined that the victim made similar claims before and the recanted, and that the victim's mother used claims of sexual abuse of the victim to get

sympathy and attention. However, petitioner also admits that his defense attorney knew of these facts but the evidence would have been better gathered by an investigator. Thus, it does not appear that investigative services were needed to present a plausible defense since these circumstances were known. The trial court did not abuse its discretion in denying the motion.

*4. Taint Hearing*

> **Issue Four: Did the trial court err when it denied petitioner's motion for a Taint Hearing regarding the statements made by the complainant to hospital staff and police investigators as the interviews were not conducted in accordance with state mandated protocols which protect the rights of the accused.**

Similar to the gist of Issue Three, petitioner alleges that the victim has made similar claims in the past, her birth mother has made sexual assault claims, and her two younger brothers were also both sodomized by their uncle. Further, that her father did most of the talking at the medical examinations. The petitioner argues that all these events "tainted" the victim. The Michigan Court of Appeals found that in Michigan there is no right to a special hearing to determine if the victim's testimony is tainted. *People v. Bush*, No. 237880 at 3 (2003). Petitioner cites no federal constitutional law which would support the same. As found by the state Court of Appeals, the trier of fact can determine whether the victim is credible and the cross examination of witnesses by defense counsel serves to test her credibility. Without reference to a federal right, this claim is non-cognizable in federal habeas corpus. Thus, petitioner is not entitled to any relief.

### 5. Jury Instructions

> **Issue Five: Did the trial court violate petitioner's constitutional rights and err reversibly in refusing to instruct the jury that erectile dysfunction was a defense to the charge of criminal sexual conduct first degree.**

Petitioner here claims that the trial court's denial of jury instructions that presented erectile dysfunction as a defense violated his constitutional rights. Jury instructions are a matter of state law, unless the instruction is so egregious that it is contrary to, or is an unreasonable application of the Constitution or law as enunciated by the Supreme Court. Trial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims cognizable in a habeas petition unless the error renders the trial so fundamentally unfair as to deprive the petitioner of federal constitutional rights. *Matlock v. Rose*, 731 F.2d 1236, 1242 (6th Cir. 1984), *cert. denied*, 470 U.S. 1050 (1985). Habeas relief for constitutional trial errors will only be granted when the error had substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 113 S.Ct. 1710 (1993). A violation that is not of constitutional magnitude is generally not cognizable in federal habeas proceedings, regardless of whether it is a breach of federal or state law. *Pulley v. Harris*, 465 U.S. 37, 41-42 (1984); *Clemmons v. Sowders*, 34 F.3d 352, 357 (6th Cir. 1994). Errors of the application of state law are not to be questioned in federal courts. *Waters v. Kassulke*, 916 F.2d 329, 335 (6th Cir. 1990). However, habeas relief may be granted for errors not of constitutional magnitude, but instead based upon errors of federal law, when there is a "fundamental defect which inherently

results in a complete miscarriage of justice" standard. *Reed v. Farley*, 114 S.Ct. 2291, 2297 (1994).

Petitioner articulates no federal or constitutional right to a jury instruction relating to erectile dysfunction as a defense. The court knows of none. Indeed, petitioner does not cite any state law in support. The Michigan court's review of the jury instructions found in a *de novo* review that the trial court did not err in denying the jury instruction because, indeed, the instruction he requested was incorrect as a matter of state law. *People v. Bush,* No. 237880 at 4 (2003). Accordingly, there is no entitlement to relief on this claim.

   6. *Prosecutor's Closing Argument*

> **Issue Six: Did instances of prosecutorial misconduct in closing argument; and defense counsel's failure to object constituted ineffective assistance of counsel**.

Petitioner next argues that he was denied a fair trial by the prosecutor's misconduct during closing arguments. He claims that the prosecutor concluded his argument by appealing to the jury's sympathy for the victim. In analyzing claims of prosecutorial misconduct, the court is guided by the principles set forth below:

> On habeas review, the standard to be applied to claims of prosecutorial misconduct is whether the conduct was "so egregious so as to render the entire trial fundamentally unfair." This court must decide whether the prosecutor's statement likely had a bearing on the outcome of the trial in light of the strength of the competent of proof of guilt.
>
> In deciding whether prosecutorial misconduct mandates that habeas relief be granted, the Court must apply the harmless error standard. The Court must examine, "the fairness of the trial, not the culpability of the prosecutor."

The Sixth Circuit in *Serra v. Mich. Dept. of Corrections*, 4 F.3d 1348, 1355-56 (6th Cir. 1993) identified factors for consideration in weighing the extent of prosecutorial misconduct:

> In every case, we consider the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they are isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proof to establish the guilt of the accused.

In order to constitute the denial of a fair trial, prosecutorial misconduct must be "so pronounced and persistent that it permeates the entire atmosphere of the trial, "or "'so gross as probably to prejudice the defendant.'"

*Pritchett v. Pitcher,* 117 F.3d 959, 964 (6th Cir. 1997) (citations omitted).

The state court found that, in closing argument, the prosecutor did improperly appeal to juror sympathy based on the innocence of the young victim. (TT II, 78) The Michigan Court of Appeals concluded that appeal to sympathy was, however, insignificant and harmless error. The court found:

> Defendant argues that the prosecutor improperly appealed to jury's sympathy for the victim. "Appeals to the jury sympathize with the victim constitute improper argument." *People v. Watson*, 245 Mich. 572, 591 (2001). We find the prosecutor's statement urging the jury not to give the victim another reason to be angry, upset, and "let down" constituted improper appeal to the jury to sympathize with her. It was improper particularly in that it urged the jury to consider the effect an acquittal would have on the victim. Nevertheless, defendant has not avoided forfeiture of this issue under the *Cariness* standard [*People v. Cariness*, 460 Mich. 750 (1999)]. Although the appeal to sympathy in question constituted plain error, it is not more likely than not that the error seriously affected the fairness, integrity, or public reputation of defendant's trial. The comment was isolated, and the trial court

> instructed the jury that it must not let sympathy influence its
> decision. *Watson, supra*, at 591.

Obviously, it cannot be said that the Court of Appeals decision in this case was unreasonable under the deferential standard of review of 28 U.S.C. § 2254. The strong proof of petitioner's guilt render these remarks non-prejudicial and harmless. Because it was "plain error," defense counsel's failure to object did not preclude review. The prosecutor's isolated remarks were not sufficient to render the trial fundamentally unfair. Therefore, the petitioner cannot receive habeas relief on this claim.

### 7. Resentencing

> **Issue Seven: Should petitioner be re-sentenced where the guidelines prepared for sentencing were clearly erroneous and without a factual predicate as to the scoring of five points for OV 3 and ten points for OV 4.**

Petitioner claims a violation of state sentencing guidelines. State sentencing guidelines do not present issues of federal law, unless the guideline violates a right guaranteed by the U.S. Constitution. In this instant case, the petitioner does not argue that the guidelines violated any constitutional right, but only that the state improperly followed its own sentencing procedure. Habeas petitions of state prisoners must claim a violation of the Constitution, or laws and treaties of the United States. *Pulley v. Harris,* 465 U.S. 37 (1984). Sentences based on state law are non-cognizable for habeas relief, and the federal court will not review a habeas petition for the state's alleged failure to follow its own sentencing procedures. *Jones v. Estelle*, 622 F.2d 124 (5th Cir. 1980).

Even if the guidelines did violate a federal constitutional right, the claim here would be unexhausted because petitioner never raised it in the state courts prior to raising it in his habeas petition. See 28 U.S.C. § 2254(b)(1)(A). The Sixth Circuit in *Hannah v. Conley*, 49 F.3d 1193, illuminates the exhaustion requirement, "a petitioner 'fairly presents' a federal claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis ..." *Id*. at 1196. The petitioner's litigation in state courts never met this standard. Therefore, habeas relief on this sentencing claim should be denied.

Because no claim entitles petitioner to relief, it is recommended that the petition for habeas corpus be denied.

The parties to this action may object to and seek review of the Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walter*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

  s/Virginia M. Morgan  
VIRGINIA M. MORGAN  
Dated:  July 25, 2005                               UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on the parties and attorneys of record by electronic means or U.S. Mail on July 25, 2005.

s/Jennifer Hernandez  
Case Manager to  
Magistrate Judge Morgan