**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DOUGLAS PHILLIP BUSH,

    Petitioner,                                  Civil No. 04-CV-74609-DT
                                                        HONORABLE VICTORIA A. ROBERTS
v.                                          UNITED STATES DISTRICT JUDGE

PAUL RENICO,

    Respondent,
_____/

**OPINION AND ORDER DENYING REQUEST TO HAVE JUSTICE OF RECORD REPLACED, DENYING THE REQUEST FOR RECONSIDERATION, DENYING THE REQUEST FOR AN EXTENSION, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

On or about November 24, 2004, Petitioner filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his conviction and sentence on one count of first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(a). The matter was referred to Magistrate Judge Virginia M. Morgan for a Report and Recommendation. On July 25, 2005, Magistrate Judge Morgan issued a Report and Recommendation which recommended that the Petition for Writ of Habeas Corpus be denied. Petitioner filed objections to the Report and Recommendation. On October 4, 2005, this Court issued an Order Adopting Report and Recommendation Denying Petition for Writ of Habeas Corpus and entered a judgment accordingly.

Petitioner has now filed a Request to Have Justice of Record Replaced, a Request

1

for Reconsideration and Clarification, a Request for an Extension for Request to Proceed, a Register of Action, and Notice of Intent to File Application for Certificate of Appealability. For the reasons stated below, the various motions and requests are denied.

I. <u>The Request to Have Justice of Record Replaced.</u>

Petitioner has requested that this Court and Magistrate Judge Morgan be replaced on the grounds of judicial bias. Petitioner has also filed a "Register of Action", which appears to relate back to this request.

To state a claim that a judge is biased, a defendant must show either actual bias or the appearance of bias creating a conclusive presumption of actual bias. *United States v. Lowe*, 106 F. 3d 1498, 1504 (6th Cir. 1997). Adverse rulings are not themselves sufficient to establish bias or prejudice which will disqualify a judge. *See Hence v. Smith,* 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999). A habeas petitioner's "unsupported accusations" and "unfounded surmise" of bias on the part of a federal judge presiding over his or her habeas petition are insufficient to establish grounds for disqualification of that judge from presiding over the case. *See Bates v. Grant,* 98 Fed. Appx. 11, 15 (1st Cir. 2004).

The Court will deny Petitioner's request to replace the judge of record in this case, because he has failed to show that either Magistrate Judge Morgan or this Court "harbors any personal bias or prejudice concerning party, or personal knowledge of disputed evidentiary facts concerning the proceeding...", as required to disqualify a federal judge pursuant to 28 U.S.C. § 455(b)(1). *Hence,* 49 F. Supp. 2d at 550. Petitioner has merely

2

alleged that this Court and Magistrate Judge Morgan ruled adversely against him. Such adverse rulings are insufficient to establish bias or prejudice on the part of a judge. Because Petitioner has not shown evidence of personal bias on the part of either this Court or Magistrate Judge Morgan, Petitioner's motion is denied. *See McGann v. Kelly,* 891 F. Supp. 128, 137 (S.D.N.Y. 1995).

II. The Request for Reconsideration and Clarification.

Petitioner also seeks reconsideration of the Court's order adopting the Report and Recommendation to Deny the Writ of Habeas Corpus, as well as the pre-judgment orders denying personal bond, discovery, and oral arguments.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Michigan Regional Council of Carpenters v. Holcroft L.L.C.* 195 F. Supp. 2d 908, 911 (E.D. Mich. 2002)(*citing to* U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (g)(3)). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Id.*

Other than conclusory or unsupported allegations, Petitioner has failed to advance any arguments in his request for reconsideration which shows that this Court or Magistrate Judge Morgan erred in denying the petition for writ of habeas corpus or his pre-judgment motions. Petitioner's request for reconsideration will therefore be denied,

because Petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied Petitioner's application for writ of habeas corpus and his pre-judgment motions. *Hence,* 49 F. Supp. 2d at 553.

    III. <u>The Request for an Extension for Request to Proceed.</u>

On November 1, 2005, Petitioner filed a Request for an Extension for a Request to Proceed. It is unclear what exactly Petitioner seeks an extension of time on.

To the extent that Petitioner is requesting an extension of time to file a motion for reconsideration, such a request is unnecessary. E.D. Mich. L.R. 7.1(g)(1) states that: "A motion for rehearing or reconsideration must be filed within ten days after entry of the judgment or order." *Id.* The provisions of Local Rule 7.1 are analogous to Fed.R.Civ.P. 59(e), which provides that any motion to alter or amend a judgment shall be filed no later than ten days after entry of the judgment. *United States v. Moss*, 189 F.R.D. 354, 355, n. 2 (E.D. Mich. 1999). A habeas petitioner's motion to amend or alter judgment denying a petition for writ of habeas corpus is untimely when it is filed more than ten days after the judgment is entered. *Hence*, 49 F. Supp. 2d at 550.

In the present case, petitioner signed and dated his request for reconsideration on October 18, 2005. Under the prison mailbox rule, a federal habeas petition or other pleadings is filed when the prisoner gives his petition to prison officials for mailing to the federal courts. *United States ex. rel. Drain v. Washington,* 52 F. Supp. 2d 856, 860 (N.D. Ill. 1999). Absent evidence to the contrary, a federal court will assume that a prisoner

4

gave his habeas petition or other pleadings to prison officials on the date he signed it. *See e.g. Hudson v. Martin,* 68 F. Supp. 2d 798, 799, n. 2 (E.D. Mich. 1999). This Court is therefore willing to apply the prison mailbox rule in determining whether Petitioner's motion for reconsideration was timely filed within the ten day limit for filing such a motion. *See Aird v. United States,* 339 F. Supp. 2d 1305, 1308 (S.D. Ala. 2004). This Court also excludes Saturdays, Sundays, and legal holidays from the computation of the time for filing a motion for reconsideration. *See Johnson v. Unknown Dellatifa,* 357 F. 3d 539, 542 (6th Cir. 2004).

The Court issued a judgment in this case on October 4, 2005. In giving Petitioner the benefit of the prison mailbox rule and excluding Saturdays, Sundays, and legal holidays from the computation, Petitioner's motion for reconsideration was due on October 18, 2005, the date that is was signed and dated. The motion for reconsideration was therefore timely and an extension of time is therefore unnecessary.

An extension of time to file a notice of appeal is likewise unnecessary in this case. Fed.R.App.P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken. This time limit is mandatory and jurisdictional. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978).

Petitioner filed a Notice of Intent-Request for Permission to Appeal to the United States Court of Appeals, which was signed and dated October 12, 2005, and which was filed with this Court on October 17, 2005. [Court Dkt Entry # 39]. The Sixth Circuit has

docketed Petitioner's appeal under U.S.C.A. 06-1011. The requirements of the rule governing notices of appeal may be satisfied by the filing of the "functional equivalent," so long as it gives the pertinent information and evinces an intention to appeal. *See Campiti v. Matesanz,* 333 F. 3d 317, 320 (1st Cir. 2003). Because Petitioner's timely Notice of Intent-Request for Permission to Appeal to the United States Court of Appeals clearly evinces an intention to appeal this Court's judgment, and because the Sixth Circuit has apparently docketed the appeal, an extension of time to file a notice of appeal is unnecessary.

> IV. The Court will deny Petitioner a Certificate of Appealability and Leave to Appeal In Forma Pauperis.

Petitioner has also filed a Notice of Intent to File an Application for a Certificate of Appealability, but to this date, he has not filed an actual request for a certificate of appealability. However, Petitioner's notice of appeal can be construed by this Court as a request for a certificate of appealability. [1]

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas

---

[1] *See Luberda v. Trippett,* 211 F. 3d 1004, 1006 (6th Cir. 2000); *Hilliard v. United States*, 157 F. 3d 444, 447 (6th Cir. 1998).

petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*

1. *Sufficiency of Evidence.*

Petitioner first challenged the sufficiency of evidence to convict him of first-degree criminal sexual conduct. For the reasons stated by Magistrate Judge Morgan in her Report and Recommendation and adopted by this Court, there was sufficient evidence to convict Petitioner of first-degree criminal sexual conduct. In light of the evidence that was presented in this case, this Court's ruling that the Michigan Court of Appeals' determination that there was sufficient evidence to find Petitioner guilty of first-degree criminal sexual conduct was reasonable would not be debatable among reasonable jurists, and Petitioner is therefore not entitled to a certificate of appealability on this claim. *See Williams v. Puckett,* 283 F. 3d 272, 277-278 (5th Cir. 2002).

2. *Exclusion of alleged exculpatory evidence.*

Petitioner next claimed that the trial court erred in excluding evidence of Petitioner's H.I.V. and Hepatitis C status, claiming that such evidence would have been exculpatory, because of the fact that the victim was free of these diseases. In rejecting this claim, the Michigan Court of Appeals held that the excluded evidence would not have been conclusive of whether Petitioner sexually penetrated the victim, because not every act of sexual penetration between a person infected with H.I.V. or Hepatitis C will

7

necessarily result in the transmission of those diseases to the uninfected person. Both Magistrate Judge Morgan and this Court found the Michigan Court of Appeals' decision to be reasonable.

Because Petitioner has not shown that the trial court's exclusion of this evidence had an injurious effect on the outcome of his case, he is not entitled to a certificate of appealability on his second claim. *See Trevino v. Johnson*, 168 F. 3d 173, 184 (5th Cir. 1999).

    3. *Denial of funds for investigation.*

Petitioner next contended that his constitutional rights were violated when the trial court refused to appoint an investigator at state expense to determine whether the minor victim made similar sexual abuse allegations in the past. Because Petitioner admitted that his defense counsel was aware of these allegations, it did not appear that investigative services were needed to present a defense. Petitioner is therefore not entitled to a certificate of appealability on this claim, because he has failed to show how funds for an investigator would have helped his defense. *See Belei v. Castro,* 99 Fed. Appx. 813, 814 (9th Cir. 2004).

    4. *A Taint Hearing.*

Petitioner next requested habeas relief on the ground that the state trial court had erred in denying him a hearing to determine whether the victim's testimony may have been "tainted" by the fact that the victim has made similar sexual abuse allegations in the past, as well as the fact that her father did most of the talking during her medical

examination. This claim was rejected on the ground that there is no federal constitutional law which supports a right to such a hearing.

The Sixth Circuit has indicated that the standard for determining whether a habeas petitioner has made a substantial showing of the denial of a constitutional right, so as to be entitled to a certificate of appealability, is similar to the standard for determining whether a habeas petitioner is entitled to habeas relief pursuant to 28 U.S.C. § 2254 (d). In *Cooey v. Coyle,* 289 F. 3d 882, 897 (6th Cir. 2002), the Sixth Circuit noted:

> "We assume that the standards of 28 U.S.C. § 2254 (d) are to be imported into the analysis [for determining whether a certificate of appealability should issue] under § 2253 (c)."

The Sixth Circuit concluded that in making a determination under § 2253(c) whether a habeas petitioner is entitled to a certificate of appealability, a court must ask whether the petitioner has made a "substantial showing" that the decision of the state court "was contrary to clearly established constitutional doctrine as declared by the Supreme Court." *Cooey,* 289 F. 3d at 897. In light of the fact that the United States Supreme Court has not yet held that a criminal defendant has a federal constitutional right to a pre-trial hearing to determine whether a sexual abuse victim's testimony has been somehow "tainted" by external influences, Petitioner has failed to make a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability on this claim.

5. *Jury Instructions.*

In his fifth claim, Petitioner alleged that the trial court violated his right to a fair

trial by refusing to instruct the jury that erectile dysfunction was a defense to the charge of first-degree criminal sexual conduct. Magistrate Judge Morgan in her Report and Recommendation noted that the Michigan Court of Appeals had rejected Petitioner's claim on the ground that such an instruction would have been incorrect as a matter of state law. Because the Michigan Court of Appeals determined that Petitioner was not entitled under state law to such an instruction, he is not entitled to a certificate of appealability on this claim. *See e.g. Leech v. Hines,* 151 Fed. Appx. 710, 712 (10th Cir. 2005).

   6. *Prosecutorial Misconduct/Ineffective Assistance of Counsel.*

  Petitioner next claimed that the prosecutor improperly invoked sympathy for the victim in his closing argument. Petitioner also alleged that trial counsel was ineffective for failing to object to these remarks.

  A habeas corpus petitioner is entitled to a certificate of appealability where it is fairly debatable whether a prosecutor's statements to a jury during closing arguments denied the petitioner a fair trial. *See Graham v. Koerner,* 149 Fed. Appx. 769, 772 (10th Cir. 2005). As indicated in greater detail by Magistrate Judge Morgan in her Report and Recommendation, in light of the isolated nature of the prosecutor's remarks, the curative instruction given by the trial court, and the strong evidence of Petitioner's guilt, it would not be fairly debatable amongst jurists of reason whether Petitioner was denied a fair trial by the prosecutor's comments, so as to be able to obtain a certificate of appealability.

  The Court will likewise reject a certificate of appealability on Petitioner's related

ineffective assistance of counsel claim. A habeas petitioner's ineffective assistance of counsel claim must make a substantial showing of the denial of a constitutional right so as to justify the issuance of a certificate of appealability. *See Skaggs v. Parker*, 235 F. 3d 261, 266 (6th Cir. 2000). Because the Court has concluded that the prosecutor's questions or remarks did not prejudice Petitioner so as to deprive him of a fair trial, any claim that counsel rendered ineffective assistance by failing to object to the prosecutor's remarks must also be rejected. *See Millender v. Adams,* 187 F. Supp. 2d 852, 876 (E.D. Mich. 2002); *aff'd* 376 F. 3d 520 (6th Cir. 2004); *cert den.* 125 S. Ct. 1645 (2005).

       7. *The Sentencing Guidelines.*

Petitioner lastly contended that his sentencing guidelines were incorrectly scored.

Petitioner is not entitled to a certificate of appealability on his claim that the trial court improperly scored his sentencing guidelines, because the issue is not constitutionally cognizable. *See e.g. Knowles v. Hines,* 9 Fed. Appx. 890, 892 (10th Cir. 2001).

       *Conclusion*

The Court will deny Petitioner a Certificate of Appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable or that he should receive encouragement to proceed further. *Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002); *See also Escareno v. Bravo,* 65 Fed. Appx. 243, 245 (10th Cir. 2003)(resolution of federal habeas claims by magistrate judge and district court was

not reasonably subject to debate, therefore petitioner was not entitled to COA).

The Court will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).

## IV.   ORDER

IT IS ORDERED that the Request to Have Justice of Record Replaced and Register of Action [Court Dkt Entrys # 38 and 42] **are DENIED.**

IT IS FURTHER ORDERED that the Request for Reconsideration and Clarifiication [Court Dkt Entry # 40] **is DENIED.**

IT IS FURTHER ORDERED that the Request for an Extension for Request to Proceed [Court Dkt Entry # 41] **is DENIED.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 25, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record and petitioner by electronic means or U.S. Mail on January 25, 2006.

s/Carol A. Pinegar
Deputy Clerk